UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                  *
UNITED STATES OF AMERICA,         *    CR. 09-40105-09
                                  *
        Plaintiff,                *
                                  *
   vs.                            *    REPORT AND RECOMMENDATION
                                  *       ON DEFENDANT'S CHANGE
JAMES NAAB,                       *             OF PLEA
                                  *
        Defendant.                *
                                  *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

This matter came before the court for a change of plea hearing on Thursday, June 10, 2010. The Defendant, James Naab, appeared in person and by his counsel, Langu Okall, while the United States appeared by its Assistant United States Attorney, John Haak.

The defendant consented in open court to the change of plea before a United States magistrate judge. This court finds that the defendant's consent was voluntary and upon the advice of counsel. The government also consented to the plea hearing before a magistrate judge.

Defendant has reached a plea agreement wherein he intends to plead guilty to the Second Superseding Indictment which charges him with Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. At the hearing, the defendant was advised of the nature of the charges to which the defendant would plead guilty and the maximum penalties applicable, specifically: mandatory minimum 10 years imprisonment; maximum life imprisonment; a $4 million fine; or both; 5 years supervised release; 5 additional years imprisonment if supervised release is revoked; and a $100 special assessment.

Upon questioning the defendant personally in open court, it is the finding of the court that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that his plea of guilty to the Second Superseding Indictment is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. The defendant's guilty plea to the Second Superseding Indictment is accepted. It is my report and recommendation that the defendant be adjudged guilty of that offense.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 11th day of June, 2010.

BY THE COURT:

s/John E. Simko

John E. Simko
United States Magistrate Judge